UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | | |
|---|---|---|---|---|
| JAMES HESSE | * | CIVIL ACTION | | |
| VS. | * | NUMBER | | |
| TRANSPORTATION INSURANCE COMPANY, BUDDY MOORE TRUCKING, INC., AND JOHNNY HARRIS | * | SECT. | MAG. | |

FILED:_____          _____
                                                                              DEPUTY CLERK

<u>COMPLAINT</u>

**Plaintiff invokes the jurisdiction of this Court as established under Title 28, Section 1332 of the United States Code**.

The following named party is plaintiff herein, to-wit:

James Hesse, a person of full age and majority and domiciled in the State of Mississippi.

The above named plaintiff respectfully represents as follows, to-wit:

I.

The following named parties are made defendants herein, to-wit:

(a) TRANSPORTATION INSURANCE COMPANY, a foreign insurance company

authorized to do and doing business in the State of Louisiana (hereinafter referred to as

"Transportation");

(b) BUDDY MOORE TRUCKING, INC., a foreign corporation authorized to do and

doing business in the State of Louisiana with its principal place of business in McCalla,

Alabama (hereinafter referred to as "Moore");

(c) JOHNNY HARRIS, a person of full age of majority domiciled in the State of

Louisiana (hereinafter referred to as "Moore").

II.

The above named defendants are responsible and liable jointly, severally, solidarily and

vicariously to plaintiff because of the following:

III.

This action results from a three vehicle collision occurring in Slidell, St. Tammany

Parish, Louisiana on or about August 27, 2009.

IV.

Plaintiff, James Hesse, was driving a 1999 Jeep Cherokee and proceeding east on Gause

Blvd., stopped in the turning lane to make a left turn onto the I-10 on ramp behind a 2007

Chevrolet Sierra being driven by Roger Asher.  At the same time a 2007 Freightliner

tractor/trailor owned by Moore and being driven by Harris was making a left turn from a private

parking lot onto Gause Blvd.

V.

As defendant, Harris, was attempting his left turn, his trailer struck the rear of plaintiff's

vehicle, pushing plaintiff into the rear of the Asher vehicle.

VI.

Upon the impact and collision, James Hesse was thrown about in the car.

VII.

As a result of the above accident, plaintiff, James Hesse, suffered and continues to suffer

multiple personal, psychological and emotional injuries of a past, present, and continuing nature.

VIII.

Plaintiff, James Hesse, has undergone medical treatment since the accident and will

undergo further treatment.  Plaintiff was and still is limited from his normal activities as a result

of the accident.  The injuries cause him pain and discomfort in his employment.

IX.

The sole and proximate cause of the injuries and damages sustained by plaintiff was the

individual, joint, solidary, concurrent and/or successive negligence of Harris, which negligence

includes but not limited to, to-wit:

(a) failure to maintain a proper look-out;

(b) failure to observe existing traffic conditions;

(c) failure to observe plaintiff's vehicle in due time in order to avoid hitting

same;

(d) failure to observe due caution;

(e) driving recklessly;

(f) failure to maintain control of his vehicle;

(g) striking plaintiff's vehicle;

(h) rearending plaintiff;

(i) inattentiveness while driving;

(j) improper left turn;

(k) failure to be attentive;

(l) careless operation of a motor vehicle;

(m) failing to maintain a safe distance;

(n) failing to exercise reasonable safety for himself and others traveling on Gause Blvd.;

(o) failing to slow the 18-wheeler or otherwise maneuver the 18-wheeler so as to avoid colliding with plaintiff's vehicle;

(p) other negligence which may be proven at trial of this matter;

## X.

The defendant, Moore, is guilty of the following additional acts of negligence, gross negligence, and/or omissions which proximately caused or proximately contributed to the accident of August 27, 2009, described herein above and the injuries sustained by the plaintiff:

a)      negligently and carelessly failed to properly select, train, and or supervise their

      driver, Harris;

b)      negligently and carelessly put or allowed to remain on the road an unqualified

      and/or reckless driver;

c)      negligently and carelessly failed to screen and test their driver periodically to

      monitor and evaluate his safety orientation;

d)      negligently and carelessly failed to develop, promulgate, adopt, and/or implement

      safety policies, procedures and practices for their driver;

e)      negligently and carelessly permitted, allowed, and/or failed to stop their driver

      from operating motor vehicles in violation of 49 C.F.R. §395.3;

f)      negligently and carelessly permitted, allowed, and/or failed to stop their driver,

      defendant Harris, from violating the rules of 49 C.F.R.  §390.35 and 395.8

      regarding driver records and logs;

g)      negligently and carelessly permitted and allowed their driver, Harris, to operate

      motor vehicles when said driver was experiencing sleep deprivation and/or

      cumulative fatigue;

h)      negligently and carelessly failed to provide periodic systematic safety and/or

      defensive driving training for their driver;

i)      negligently and carelessly failed to provide remedial training of their driver,

Harris;

j)     negligently entrusted their vehicle to the defendant, Harris;

k)     any such other negligence or gross negligence and violations of rules, regulations,

and statutes as may be shown at the trial of this matter.

## XI.

Marilyn F. Stone itemizes the damages to which she is entitled as a result of the accident

and injury proximately caused by the above described negligence of Harris and Moore as

follows, to-wit:

(a)  Past physical pain, suffering and discomfort

(b)  Past mental anguish, aggravation, and annoyance

(c) Disability

(d)  Future physical pain, suffering and discomfort

(e)  Future mental anguish, aggravation and annoyance

(f)  Past medical expenses

(g)  Future medical expenses

(h)  Past lost wages

(i)  Future lost wages

(j)  Loss of enjoyment of life

(k)  Loss of use/function of parts of body

(l) Bodily disability

(m)  Impairment of psychological functioning

(n) Disability from working to earn an income

(o) Destruction of earning capacity

(p) Disability from engaging in recreation

XII.

Plaintiff strictly reserves the right to amend and supplement this petition as necessary

concerning damages.

XIII.

Transportation had issued a policy of public liability insurance insuring against the

negligent operation of a motor vehicle on the date of accident in favor of Moore and its

employees including Harris, under which Harris is an omnibus insured.  As the insurer of the

defendant employer and employee driver, said insurer is jointly, severally, solidarily and

vicariously liable and responsible for the damages and negligence set forth above.

XIV.

At the time of the accident Harris was acting in the course and scope of his employment

with Moore as a truck driver.  As the employer of Harris, Moore is jointly, severally, solidarily

and vicariously liable and responsible for the acts of negligence and damages caused by its said

employee during the course and scope of said employee's employment.

XV.

Plaintiff further specifically pleads the doctrine of <u>res</u> <u>ipsa</u> <u>loquitur</u> in that the

accident and injuries and damages would not have occurred in absence of the negligence

of Harris and Moore.

XVI.

Transportation, Moore and Harris are jointly, severally, solidarily and vicariously liable

and responsible to plaintiff for the negligence and damages set forth above.

XVII.

Plaintiff alleges the amount in controversy exceeds $75,000.00, the jurisdictional amount

for diversity jurisdiction.

WHEREFORE, plaintiff prays that defendants be cited and served and that after due

proceedings are had there be judgment in favor of plaintiff, James Hesse,  and against the

defendants, Transportation Insurance Company, Buddy Moore Trucking, Inc., and Johnny Harris,

jointly, severally, solidarily and vicariously for such sums as are reasonable in the premises

together with legal interest thereon from date of judicial demand until paid and for all costs of

these proceedings.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.

AND THAT ALL EXPERT WITNESS FEES BE TAXED AS COSTS OF COURT.

Respectfully submitted,

MICHAEL HINGLE & ASSOCIATES, LLC

/s/Michael Hingle
Michael Hingle, T.A. #6943
For the Firm
220 Gause Blvd.
Slidell, LA 70458
(985) 641-6800

PLEASE SERVE:

TRANSPORTATION INSURANCE COMPANY
through its agent for service of process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, La. 70809

BUDDY MOORE TRUCKING, INC.
By Long Arm
through its agent for service of process
E. H. Moore, Jr.
6185 Old Tuscaloosa Hwy
McCalla, AL 35111

JOHNNY HARRIS
By Long Arm
4303 Rainbow Drive
Rainbow City, AL 35906

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JAMES HESSE                              *        CIVIL ACTION

VS.                                      *        NUMBER

TRANSPORTATION INSURANCE                 *        SECT.          MAG.
COMPANY, BUDDY MOORE TRUCKING,
INC., AND JOHNNY HARRIS

FILED:_____       _____
                                            DEPUTY CLERK

## REQUEST FOR WRITTEN NOTICE OF ASSIGNMENT

TO: CLERK OF COURT

        YOU ARE HEREBY requested to send to us as Attorney of Record in the above

captioned case, written notice by mail ten (10) days in advance of any date fixed for any trial or

hearing in this case of any kind whatsoever, in accordance with Rule 40 of the Federal Rules of

Civil Procedure.

        YOU ARE FURTHER requested to notify us of any judgment, order, or minute entry

of this Court rendered in this case immediately in accordance with the provisions of Rule 77(D)

of the Federal Rules of Civil Procedure.

SPECIAL NOTICE is further requested of any orders setting security for cost, orders requiring the posting of any bond before a set date, especially in regard to a jury trial or any other actions such as the filing of pleadings or bonds or any other thing which would institute the running of any delays within which to file pleadings, bonds or any other thing into the record of this case.

Respectfully submitted,

MICHAEL HINGLE & ASSOCIATES, LLC

/s/Michael Hingle
Michael Hingle, T.A. #6943
For the Firm
220 Gause Blvd.
Slidell, LA 70458
(985) 641-6800